IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

          Plaintiff/Respondent,

   vs.                    Civil Case No. 04-3374-SAC
                             Criminal Case No. 01-40121-01-SAC


ROGER KENT RENO,

          Defendant/Movant.


MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion[1] to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Dk. 68). The defendant limits his arguments to challenging the legality of his sentence based upon the Supreme Court's recent decision in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). Specifically, the defendant contends the court sentenced the defendant under the United States Sentencing Guidelines accompanied by factual determinations in violation of the defendant's constitutional right to a jury trial. The

---

[1]The defendant timely filed his motion within one year and ninety days after the Tenth Circuit's order dismissing the defendant's direct appeal for lack of prosecution.

government has filed a response opposing the retroactive application of the *Blakely*

decision.  (Dk. 70).  In reply, the defendant insists the court exceeded its

constitutional authority in sentencing the defendant as if guilty of conduct of which

he was not convicted and to which he did not admit.  Having reviewed the matters

asserted and researched the relevant law governing the issues, the court files the

following as its decision on the defendant's motion.

**PROCEDURAL HISTORY**

Charged in a five-count indictment with drug trafficking crimes, the

defendant pleaded guilty in May of 2002 to count one:  possession of

pseudoephedrine with reasonable cause to believe it would be used to manufacture

methamphetamine, and to count two:  attempt to manufacture actual

methamphetamine.  In the plea agreement, the parties agreed that the available

evidence would establish a total amount of actual methamphetamine that would

correspond to a base offense level of 26.  The presentence report ("PSR")

recommended a guideline sentencing range of 92 to 115 months using a total

offense level of 23 (base offense level of 26 less the three-level reduction for

acceptance of responsibility) and a criminal history category of six.  On August 30,

2002, the court sentenced the defendant to 92 months of imprisonment on each

count to be served concurrently.  The defendant filed a notice of appeal, but the

Tenth Circuit subsequently dismissed the appeal for lack of prosecution.

**GENERAL § 2255 STANDARDS**

A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citation omitted). When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error, or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also United States v. Frady*, 456 U.S. 152, 167-68 (1982). "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (citation omitted). Put another way, "[a]n attorney's error provides cause to excuse a procedural default only if the error amounts to constitutionally ineffective

assistance of counsel." *Rogers v. United States*, 91 F.3d 1388, 1391 (10th Cir. 1996) (citations omitted), *cert. denied*, 519 U.S. 1134 (1997).

The court must hold an evidentiary hearing on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995). The burden is with the defendant to allege facts which, if proven, would entitle him or her to relief. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir.1995), *cert. denied*, 517 U.S. 1235 (1996). "[T]he allegations must be specific and particularized, not general or conclusory." *Id*. The court finds that a hearing on the defendant's motion is not necessary because the materials already in the record conclusively show that the defendant is not entitled to relief on his claims.

**ANALYSIS AND CONCLUSION**

Because the defendant pled guilty and later failed to prosecute his direct appeal, the court should decide first if he can demonstrate the cause and prejudice or the fundamental miscarriage of justice required to overcome the procedural bar for defaulted claims. As stated above, a meritorious claim of ineffective assistance of counsel constitutes cause and prejudice overcoming the procedural bar. The defendant, however, does not challenge the effectiveness of

4

his counsel's assistance.  On the other hand, the defendant's arguments could be so liberally construed as to be a challenge to the fundamental fairness of the proceedings.  For the sake of expediency, the court will address the merits of the defendant's arguments, because the law is plainly and decidedly against his claim for relief.

Subsequent to the parties' briefing of this motion, the Supreme Court's issued its decision in *United States v. Booker*, 125 S. Ct. 738, 2005 WL 50108 (Jan. 12, 2005), holding that the principles enunciated in *Blakely* applied to the United States Sentencing Guidelines ("guidelines") making their mandatory enforcement unconstitutional, because the guidelines failed to comply with Sixth Amendment requirements.  The Court spelled out:

> Accordingly, we reaffirm our holding in *Apprendi*:  Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

125 S. Ct. at 756.  Other members of the Court were able to preserve the guideline sentencing scheme by severing those provisions of the Sentencing Reform Act that made the  guidelines mandatory.  Consequently, the guidelines are now "effectively advisory," 125 S. Ct. at 757, and the standard of appellate review is no longer *de novo* but reasonableness.  As modified, the Act now "requires a sentencing court

5

to consider Guidelines ranges, *see* 18 U.S.C.A. § 3553(a)(4) (Supp. 2004),  but it permits the court to tailor the sentence in light of other statutory concerns as well, *see* 3553(a) (Supp. 2004)." *Id*.

The Supreme Court in both *Blakely* and *Booker* held that Sixth Amendment rights are not implicated when a judge sentences based on facts admitted by the defendant.  *Booker*, 125 S. Ct. at 755; *Blakely*, 124 S. Ct. at 2537. By the terms of the plea agreement, the defendant admitted that the available evidence established a total amount of actual methamphetamine corresponding to a base offense level of 26.  The guideline sentencing range applied in this case was calculated using a base offense level of 26 with no additional enhancements.  As a result, the defendant's sentence did not exceed the maximum authorized by the facts established through the defendant's admission or plea of guilty and, therefore, did not violate any Sixth Amendment right.

Even assuming the defendant had an arguable claim for a Sixth Amendment violation, he would not be entitled to any relief on his collateral attack because the Tenth Circuit as well as other circuit courts have rejected all attempts to apply retroactively in § 2255 proceedings the constitutional rights first recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and subsequently extended in both *Blakely* and *Booker*.  *See United States v. Leonard*, 2005 WL

6

139183 (10th Cir. Jan. 24, 2005) (*Blakely* and *Booker* are new rules of criminal procedure that apply "retroactively only to cases pending on direct review or cases that are not yet final."); *United States v. Price*, 118 Fed. Appx. 465, 2004 WL 2905381 (10th Cir. Dec. 16, 2004) (*Blakely* does "not apply retroactively to cases on collateral review."); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004) (the Supreme Court has not held that *Blakely* "is retroactive to cases on collateral review for purposes of granting a second or successive § 2255 motion"); *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir.) (*Apprendi* does not retroactively apply to initial § 2255 motions), *cert. denied*, 537 U.S. 961 (2002); *McReynolds v. United States*, ___F.3d___, 2005 WL 237642 at *2 (7th Cir. Feb. 2, 2005) (*Booker* will not be applied retroactively to cases in which the conviction and sentences became final prior to *Booker* being issued); *Green v. United States*, ___F.3d___, 2005 WL 237204  (2nd Cir. Feb. 2, 2005) (neither *Booker* nor *Blakely* apply retroactively to a second or successive § 2255 proceeding); *In re: Jerry J. Anderson*, ___F.3d___, 2005 WL 123923 (11th Cir. Jan. 21, 2005) (Supreme Court did not declare *Booker* retroactive to cases on collateral review). Indeed, the Supreme Court in *Booker* expressly noted that its holding applied to "all cases on direct review."  125 S. Ct. at 769.

The Seventh Circuit's reasoning in *McReynolds* is particularly

7

compelling in this regards:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ___U.S.___, 124 S. Ct. 2519 2004) is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584 (2002)–which, like *Booker*, applied *Apprendi's* principles to a particular subject–is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment.  In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule--which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes."  124 S.Ct. at 2523.  It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules".  *Ibid.*  That is no less true of *Booker*--or for that matter *Apprendi* itself. . . .  No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.
>
> The remedial portion of *Booker* drives the point home. . . .  No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.
>
> . . . *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process.  (citation omitted)

2005 WL 237642 at *1-*2.   In short, *Blakely* and *Booker* announce new rules of

8

criminal procedure, but they are not "'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *McReynolds*, 2005 WL 237642 at *2 (quoting *Summerlin*, 124 S. Ct. at 252; *Teague v. Lane*, 489 U.S. 288 (1989)).  Finally, the court sees no persuasive reason why the Tenth Circuit's analysis and holding in *Mora* on the non-retroactivity of *Apprendi* should not apply with equal force to *Booker* and *Blakely* and drive the conclusion that they are not retroactive.

The defendant lost his right to a direct appeal and his case was "final" prior to the Supreme Court's decision in *Booker*.  For the reasons stated above, the *Booker* and *Blakely* rules are not retroactively applicable to cases on collateral review.  Thus, the defendant does not advance any grounds entitling him to relief on his § 2255 motion.

IT IS THEREFORE ORDERED that defendant's motion to vacate and correct sentence under 28 U.S.C. §  2255 (Dk. 68) is denied.

Dated this 17th day of February, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge